IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TINA L. COOPER                                                           PLAINTIFF

                    v.                    Civil No. 14-2010

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                          DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Tina Cooper, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff filed her application for DIB on July 22, 2011, alleging an onset date of December 30, 2010, due to chronic back pain, plantar fasciitis, insomnia, hypertension, shoulder pain, arm pain, swelling in the hands, and pain in the feet and toes.  Tr. 164, 171-172, 191, 199, 202.  The Commissioner denied her application initially and on reconsideration.  Tr. 73-79.  At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on May 3, 2012.  Tr. 35-70.  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 47 years old and possessed an eleventh grade education.  Tr. 40, 165.  Although she tried to obtain her GED, she was unable to do so.  Tr. 41.  She had past relevant work ("PRW") experience as a server, cook, and housekeeper.  Tr. 42-47, 165, 181-188.

On December 28, 2012, the ALJ concluded that the Plaintiff's arthralgias/probable fibromyalgia, edema of the lower extremities, bilateral osteoarthritis of the feet/tarsal tunnel syndrome/plantar fasciitis, diabetes mellitus, essential hypertension, and history of carpal tunnel syndrome ("CTS") were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 12-13.  He concluded that the Plaintiff could perform sedentary work involving only occasional climbing, balancing, stooping, kneeling, crouching, crawling, and operation of foot controls.  Tr. 13.  The ALJ also determined that the Plaintiff could frequently, but not constantly, handle and finger with both hands.  Tr. 13.  With the assistance of a vocational expert, the ALJ found the Plaintiff could perform work as a clerical worker and assembler.  Tr. 18.

The Appeals Council denied the Plaintiff's request for review on November 18, 2013.  Tr. 1-3.  Subsequently, Plaintiff filed this action.  ECF No. 1.  This matter is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 14, 15.

## II.    <u>Applicable Law:</u>

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have

decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   __Discussion__:

The ALJ's RFC determination is of great concern to the undersigned.  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001).  Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings.  *McGhee v. Harris*, 683 F. 2d 256 (8th Cir. 1982).

The Plaintiff suffers from arthralgias/probable fibromyalgia, edema of the lower extremities and bilateral osteoarthritis of the feet/tarsal tunnel syndrome/plantar fasciitis.  The ALJ found these impairments to be severe and concluded that the Plaintiff could perform a range of sedentary work limited only by postural limitations.  Although he contends that the assessment of Dr. David Oberlander, an examining neurologist, supports his RFC determination, the ALJ fails to account for the sitting limitations imposed by Dr. Oberlander.  *See Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000) (holding that Commissioner is encouraged to give more weight to the opinion of a specialist about medical issues related to his or her area of speciality than to the opinion of a source who is not a specialist).  This is particularly troubling, given the fact that sitting limitations were also imposed by examining orthopedist, Dr. Michael Westbrook and the Plaintiff's treating physician, Dr. Carolyn Dillard.

In February 2012, Dr. Dillard indicated that the Plaintiff must periodically alternate between sitting and standing.  Tr. 281-282.  Later, in August 2012, Dr. Oberlander commented that the Plaintiff could sit for two hours at a time for a total of four hours per day.  Tr. 286-288.

Similarly, Dr. Westbrook opined in September 2012 that the Plaintiff could sit for 45 minutes at a time for a total of four hours per day.

By definition, sedentary work requires that the individual be capable of sitting for a total of six hours during an eight-hour workday.  SOCIAL SECURITY REGULATION 96-6P.  Given the fact that the Plaintiff is limited with regard to sitting for extended periods, we believe that remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC.  The ALJ is directed to recontact the aforementioned physicians with any questions he may have concerning the limitations they imposed.  He is also directed to recall the vocational expert to testify concerning the work that would be available to the Plaintiff, given her sitting limitations.

**IV.**   **Conclusion:**

Based on the foregoing, we reverse the decision of the ALJ and remand this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of February, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE